1  David W. Hodges (will file for *pro hac vice* admission)
   dhodges@kennedyhodges.com
2  KENNEDY HODGES, LLP
   Texas State Bar No. 00796765
3  711 W. Alabama St.
   Houston, TX 77006
4  Telephone: (713) 523-0001
   Facsimile: (713) 523-1116
5

6  **LEAD ATTORNEY IN CHARGE FOR**
7  **PLAINTIFF AND CLASS MEMBERS**

8  LOCAL COUNSEL:
   Jeffrey Albregts
9  Nevada State Bar No. 0066
   jalbregts@nevadafirm.com
10 Krista N. Albregts
   Nevada State Bar No. 1331
11 kalbregts@nevadafirm.com
   Holley Driggs Walch, Fine,
12 Wray, Puzey & Thompson
   Nevada State Bar No.
13 400 South Fourth St. 3rd Floor
   Las Vegas, Nevada 89101
14

15           IN THE UNITED STATES DISTRICT COURT

16              FOR THE DISTRICT OF NEVADA

17  CORISSA JONES, on Behalf of herself     )  No.
    and on Behalf of All Others Similarly   )
18  Situated,                               )
                                            )
19                                          )
              Plaintiff,        .           )
20                                          )  **COLLECTIVE ACTION COMPLAINT**
    v.                                      )
21                                          )  **(JURY TRIAL REQUESTED)**
                                            )
22                                          )
    SHAC, LLC, D/B/A SHAPPHIRE              )
23  GENTLEMEN'S CLUB, SHAC MT.              )
    LLC, DAVID MICHAEL TALLA, AND           )
24  PETER FEINSTEIN                         )
                                            )
25            Defendants.                   )

-1-

Plaintiff Corissa Jones, on behalf of herself and on behalf of all others similarly situated, allege as follows:

## I.    SUMMARY

1.     Shac, LLC, d/b/a Sapphire Gentlemen's Club, Shac MT, LLC, David Michael Talla, and Peter Feinstein individually, (hereinafter collectively referred to as "Defendants") required and/or permitted Corissa Jones (hereinafter "Plaintiff") to work as an exotic dancer at their adult entertainment club in excess of forty hours per week, but refused to compensate her at the applicable minimum wage and overtime rates.  In fact, Defendants refused to compensate Plaintiff whatsoever for any hours worked.  Plaintiff's only compensation was in the form of tips from club patrons.  Moreover, Plaintiff was required to divide her tips with Defendants and other employees who do not customarily receive tips.  Defendants operate the strip club called Sapphire Gentlemen's Club located at 3025 S. Industrial Rd. #200 Las Vegas, NV 89109.

2.     Defendants misclassify all dancers as independent contractors.  Therefore, Defendants have failed to compensate Plaintiff at the federally-mandated minimum wage rate.

3.     Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

4.    Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

5.    Plaintiff brings a collective action to recover the unpaid overtime compensation and minimum wage owed to her individually and on behalf of all other similarly situated employees, current and former, of Defendants nationwide.   Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

## II.    SUBJECT MATTER JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.    This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because such claims do not raise novel or complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

8.    Venue is proper in the District of Nevada because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

## III.    PARTIES AND PERSONAL JURISDICTION

9.    Plaintiff Corissa Jones is an individual residing in Harris County, Texas. Her consent to this action is attached hereto as Exhibit "A."

10.     The FLSA Class Members are all current and former exotic dancers who worked at any of Defendants' adult entertainment clubs at any time starting three years before this Complaint was filed, up to the present.

11.     Shac, LLC is a domestic limited liability company with its corporate headquarters and principal place of business located in Clark County in the State of Nevada.  This Defendant may be served with process by serving its registered agent: Jack Rifenbark, 3025 Industrial Road Las Vegas, NV 89109.

12.     Shac MT, LLC is a domestic for-profit corporation doing business in Las Vegas, NV.  This Defendant may be served with process by serving its registered agent: Peter Feinstein, 3135 S. Industrial Rd., Ste. 219, Las Vegas, NV 89109.

13.     David Michael Talla is an individual who resides in Nevada.  He is an owner of the corporate Defendants.  He may be served with process individually at his usual place of business and Defendants' corporate office: 3025 S. Industrial Rd. #200 Las Vegas, NV 89109.

14.     Peter Feinstein is an individual who resides in Nevada.  He is an owner of the corporate Defendants.  He may be served with process individually at his usual place of business and Defendants' corporate office: 3025 S. Industrial Rd. #200 Las Vegas, NV 89109.

## IV.     FLSA COVERAGE

15.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

-4-

16.     At all material times, Defendants have been employers within the meaning of Ariz. Rev. Stat. Ann. § 23-350(3) and Ariz. Rev. Stat. Ann. § 23-362(B).

17.     The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

18.     The statutory definition of "employer" is interpreted broadly and includes corporate officers, participating shareholders, supervisors, managers, or other employees when that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See, e.g., id.; Boucher v. Shaw,* 572 F.3d 1087, 1090–91 (9th Cir. 2009); *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 971-72 (5th Cir. 1984).

19.     Defendant David Michael Talla is the owner of the corporate Defendants d/b/a Sapphire Gentlemen's Club.

20.     Defendant Peter Feinstein is the owner of the corporate Defendants d/b/a Sapphire Gentlemen's Club.

21.     Defendants Talla and Feinstein are involved in the day-to-day business operations of the corporate Defendants d/b/a Sapphire Gentlemen's Club.

22.     As the owners of Sapphire Gentlemen's Club, Defendants Talla and Feinstein employed the Plaintiff, and FLSA Class Members as employees who danced for and entertained customers.

23.     Defendants Talla and Feinstein have the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to

sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

24.     Defendants Talla and Feinstein controlled the nature, pay structure, and employment relationship of Plaintiff, and FLSA Class Members.

25.     As such, pursuant to 29 U.S.C. § 203(d), Defendants Talla and Feinstein acted directly and/or indirectly in the interest of Plaintiff's, and FLSA Class Members' employment as their employer, which makes Defendants Talla and Feinstein individually liable under the FLSA.

26.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

27.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

28.     At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

29.     Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).   That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

## V.   FACTS

30.   Defendants operate an adult entertainment clubs in Las Vegas, NV under the name of "Sapphire Gentlemen's Club."

31.   Defendants employ exotic dancers at its aforementioned locations.

32.   Plaintiff Corissa Jones was previously employed as an exotic dancer at Defendants' adult entertainment club in Las Vegas.

33.   Plaintiff worked on a regular basis for Defendants' gentlemen establishment located in Las Vegas, Nevada from approximately August of 2003 until June of 2015.

34.   Plaintiff was compensated exclusively through tips from Defendants' customers.   That is, Defendants did not pay Plaintiff whatsoever for any hours worked at their establishments.

35.   Furthermore, Defendants charged the Plaintiff a "house fee" per shift worked.   Defendants also required Plaintiff to share her tips with other non-service employees who do not customarily receive tips, including the "house mom," disc jockeys, and the bouncers/security.

36.   Finally, Defendants encourage their customers to tip dancers using "funny money" rather than cash.   Under this system, customers purchase the "funny money" from the club using their credit cards.   Customers then redeem the "funny money" for dances with Plaintiff and Class Members.   When Plaintiff, and FLSA Class Members turn in the certificates to the clubs for cash, Defendants do not return the full value to them, but instead retain a portion of the tips.   This resulted in Defendants taking a portion

of the tips that should have been paid to the dancer.  This portion grossly exceeds the fee paid by the club as a merchant fee to the credit card companies.

37.    Plaintiff and FLSA Class Members received tips and/or dance fees from Defendants' customers.

38.    The tips and/or dance fees received by Plaintiff, and FLSA Class Members were not included in Defendants' gross sales receipts.

39.    Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff, and FLSA Class Members were employees of Defendants.

40.    Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

41.    In addition, Defendants instructed the dancers about when, where, and how they were to perform their work.

42.    The following further demonstrates the dancers' status as employees:

a.    Defendants have the sole right to hire and fire the dancers;

b.    Defendants require dancers to complete an employee application as a prerequisite to their employment;

c.    Defendants required the dancers to audition;

d.    Defendants made the decision not to pay overtime;

e.    Defendants provide the dancers with music equipment and a performing stage;

f.   Defendants supervise the dancers;

g.   Defendants set the minimum price for lap dances;

h.   Defendants set the minimum price charged for VIP room performances;

i.   The dancers have made no financial investment with Defendants' business;

j.   Defendants have sole control over their opportunity for profit;

k.   Defendants required the dancers to work a six hour shift;

l.   Defendants apply a fine to the dancers if they fail to follow Defendants' schedule;

m.   Defendants apply a leave early fee to the dancers if they fail to work six hours per shift;

n.   Defendants charge the dancers a fee if they do not perform on the stage; and

o.   The dancers were hired as permanent employees and have worked for Defendants for years.

43.   Defendants misclassified Plaintiff, and FLSA Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA.

44.   Plaintiff is not exempt from the overtime and minimum wage requirements under the FLSA.

45.   Although Plaintiff and FLSA Class Members worked more than forty hours

per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty per workweek.  In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

46.    Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.  Defendants misclassified Plaintiff with the sole intent to avoid paying her in accordance to the FLSA.  There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

47.    In fact, the Nevada Supreme State Court has analyzed Defendants' conduct under the economic realities test used by Federal Courts and has found that the dancers are actually employees. *Terry v. Sapphire Gentlemen's Club*, 130 Nev. Adv. Op. 87, 336 P.3d 951, 955 (2014), *reh'g denied* (Jan. 22, 2015).  Nevertheless, Defendants continue to violate the law and misclassify their dancers as independent contractors.

48.    Further, Defendants failed to keep adequate records of Plaintiff and FLSA Class Members' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

49.    Federal law mandates that an employer is required to keep for three years all payroll records and other records containing, among other things, the following information:

a.  The time of day and day of week on which the employees' work week begins;

b.  The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c.  An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.  The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e.  The hours worked each workday and total hours worked each workweek;

f.  The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g.  The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

h.  The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.  The dates, amounts, and nature of the items which make up the total additions and deductions;

j.  The total wages paid each pay period; and

k.  The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

50.      Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiff and FLSA Class Members.  Because Defendants' records are inaccurate and/or inadequate, Plaintiff and FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the

amount and extent of the work "as a matter of a just and reasonable inference." *See, Anderson v. Mt. Clemens Pottery Co.¸* 328 U.S. 680, 687 (1946).

## VI.   <u>EQUITABLE TOLLING</u>

51.    The doctrine of equitable tolling preserves a plaintiff's full claim when a strict application of the statute of limitations would be inequitable. *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760–61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

52.    Equitable tolling is proper when an employer has engaged in misleading conduct.  Defendants intentionally misled the Plaintiff into believing that Defendants were not required to pay them minimum wage and/or overtime for hours worked in excess of forty hours per workweek.  Defendants coerced the Plaintiff, and FLSA Class Members into believing that they were independent contractors.    Additionally, Defendants failed to place the necessary and required Department of Labor posters which inform workers of their rights.  Consequently, the Plaintiff, and FLSA Class Members were victims of fraud and unable to ascertain any violation taking place.

53.    Thus, the statute of limitations for the Plaintiff, FLSA Class Members, and Arizona Class Members should be equitably tolled due to Defendants' fraudulent concealment of the Plaintiff's and FLSA Class Members' rights.  Plaintiff therefore seek to have the limitations period extended from the first date that Defendants used this covert payroll practice up to the time each Plaintiff joins this lawsuit.

## VII.   <u>CAUSES OF ACTION</u>

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

54.   Plaintiff incorporates all allegations contained in the foregoing paragraphs.

55.   Defendants' practice of failing to pay Plaintiff and FLSA Class Members time-and-a-half rate for hours in excess of forty per workweek violates the FLSA. 29 U.S.C. § 207.  In fact, Defendants do not compensate them whatsoever for any hours worked.

56.   None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY THE MINIMUM WAGE
### (COLLECTIVE ACTION)

57.   Plaintiff incorporates all allegations contained in the foregoing paragraphs.

58.   Defendants' practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.  In fact, Defendants do not compensate them whatsoever for any hours worked and have violated the tip credit provision under the FLSA as described above.

59.   None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

## VIII.   COLLECTIVE ACTION ALLEGATIONS

**A.   FLSA Class Members**

60.   Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

61.   Over 6,000 exotic dancers have worked at Defendants' club in the past three years who were classified as independent contractors.

62.   No exotic dancer working at Sapphire Gentlemen's Club has ever received a direct wage from Defendants.

63.   All exotic dancers working at Sapphire Gentlemen's Club in the past three years were required to work a six hour shift.

64.   All exotic dancers working at Sapphire Gentlemen's Club in the past three years were required to pay a house fee.

65.   All exotic dancers working at Sapphire Gentlemen's Club in the past three years were required to tip the DJ.

66.   All exotic dancers working at Sapphire Gentlemen's Club in the past three years were required to sign an independent contractor agreement.

67.     Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate.  That is, Plaintiff worked with other dancers who worked at Sapphire Gentlemen's Club.  As such, she has first-hand personal knowledge of the same pay violations throughout Defendants' establishment. Furthermore, other exotic dancers at Defendants' various establishments have shared with her similar pay violation experiences as those described in this Complaint.

68.     Other employees similarly situated to the Plaintiff work or have worked for Defendants' gentlemen's club business, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

69.     Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

70.     FLSA Class Members perform or have performed the same or similar work as the Plaintiff.

71.     FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

72.     FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

73.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

74.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

75.     The experiences of the Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

76.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

77.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

78.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

79.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

80.    As such, Plaintiff brings her FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked at any of the seven Christie's Cabarets at any time starting from the date the nonconforming pay practices began up to the present.**

**B.    Arizona Class Action**

## IX.    DAMAGES SOUGHT

81.    Plaintiff and FLSA Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

82.    Additionally, Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime compensation.

83.    Plaintiff and FLSA Class Members are also entitled to all of the misappropriated funds.

84.    Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

85.    Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## X.    JURY DEMAND

86.    Pursuant to their rights under the Constitution of the United States, U.S. Const. amend. VII, and Fed. R. Civ. P. 38(a), Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

87.     For these reasons, Plaintiff and FLSA Class Members respectfully request that judgment be entered in their favor awarding the following relief:

      a.    All overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

      b.    All unpaid wages at the FLSA mandated minimum wage rate;

      c.    All misappropriated funds;

      d.    An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

      e.    Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA;

      f.    Tolling of the statute of limitations;

      g.    A finding that Defendants willfully violated the FLSA;

      h.    Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

      i.    Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Dated this 10th day of July, 2015.

**KENNEDY HODGES, L.L.P.**

/s/ David W. Hodges

David W. Hodges, Esq. (will file for *pro hac vice* admission)
dhodges@kennedyhodges.com
Texas State Bar No. 00796765
**Lead Attorney in Charge for Plaintiff
and Class Members**

Dated this 17th day of July, 2015.

HOLLEY DRIGGS WALCH  FINE
WRAY PUZEY & THOMPSON

Jeffrey R. Albregts, Esq. NSB 0066
Krista N. Albregts, Esq., NSB 13301

**OF COUNSEL FOR PLAINTIFFS:**
Beatriz Sosa-Morris, Esq. (will file for *pro hac vice* admission)
bsosamorris@kennedyhodges.com
Texas State Bar No. 24076154
711 W. Alabama Street
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LOCAL COUNSEL:
Jeffrey R. Albregts, Esq.
Nevada State Bar No. 0066
jalbregts@nevadafirm.com
Krista N. Albregts, Esq.
Nevada State Bar No. 13301
Texas State Bar No. 24077367
Holley Driggs Walch, Fine,
Wray, Puzey & Thompson
400 South Fourth Street, 3rd Floor
Las Vegas, Nevada 89101