# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CORISSA JONES,<br><br>                Plaintiff,<br><br>v.<br><br>SHAC, LLC, et al.,<br><br>                Defendants. | Case No. 2:15-cv-01382-RFB-CWH<br><br>**ORDER** |

Presently before the court is plaintiffs' letter (ECF No. 135), filed on September 13, 2018.[1] Defendants filed a response (ECF No. 136) on September 17, 2018. Plaintiffs did not file a reply. Given that the letter requests clarification as to whether plaintiffs are required to produce their individual tax returns, the court construes plaintiffs' letter as a motion for clarification.

The parties are familiar with the facts of this case and the court will not repeat them here except where necessary. On August 14, 2018, the court held a hearing on defendants' emergency motion to compel discovery. (Mot. to Compel (ECF No. 116); Mins. of Proceedings (ECF No. 129); Tr. (ECF No. 136-1).) At that hearing, the court granted in part and denied in part defendants' motion to compel, including overruling all of the representative plaintiffs' objections

---

[1] Under Local Rule IA 7-1(b), "[a]ll communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys . . . ." Although plaintiffs docketed the letter as a "notice" and served it on defendants, plaintiffs are requesting relief, not merely providing a notice to the court. Going forward, if plaintiffs seek relief from the court, they are advised to style their request for relief as a motion, which will be automatically marked as an action item by the electronic filing system. When a request is styled as a motion, it also triggers the opposing party's response deadline and the movant's reply deadline, thereby giving all parties the opportunity to be heard before the court decides the motion.

to the requests for production, except for requests numbers 30 and 31, which have no bearing on the tax return issue. (Tr. (ECF No. 136-1) at pages 11-28.) Given that plaintiffs' objections to the requests for production pertaining to the tax returns were overruled, and based on the court's instructions at the hearing, the plaintiffs must produce their tax returns as previously ordered by the court. Plaintiffs must produce the tax returns to defendants within 30 days from the date of this order.

IT IS SO ORDERED.

DATED: October 19, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE